**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DR. RICHARD THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-3573 |
| | § | |
| FEDERAL DEPOSIT INSURANCE | § | |
| CORPORATION and BANK OF | § | |
| NEW ENGLAND, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Dr. Richard Thomas sued the Federal Deposit Insurance Corporation (FDIC) alleging that he was entitled to payment of a certificate of deposit that had been outstanding when the issuing bank failed in 1991. The FDIC has moved to transfer under 28 U.S.C. § 1631, asserting that this court lacks jurisdiction over it. (Docket Entry No. 6). Thomas has not responded to the motion.

This court argues that it lacks jurisdiction over the FDIC sued either as a receiver for the bank that issued the certificate of deposit, *see* 12 U.S.C. § 1821(d)(6)(A)(ii), or in its corporate capacity as deposit insurer, *see* 12 U.S.C. § 1821(f)(4). Under these statutes, the only courts that would have jurisdiction are the United States District Courts for the District of Columbia or for the District of Massachusetts.

In its motion to transfer, the FDIC notes that dismissal is ordinarily appropriate when, as here, jurisdiction is lacking. The FDIC stated that transfer would be appropriate if

plaintiff elected to maintain his suit.  The FDIC pointed out that a number of problems with the suit were apparent on the face of plaintiff's complaint.  Limitations is chief among them; this suit was filed in 2005, seeking payment of a certificate of deposit outstanding when the issuing bank failed in 1991.  Plaintiff did not effect proper service on the FDIC.  There is no indication in the record that plaintiff has served the other named defendant.  Plaintiff filed no response to the motion challenging this court's jurisdiction.

Based on the record, this court finds a lack of jurisdiction over the FDIC as well as a failure to prosecute.  Accordingly, this case is dismissed, without prejudice.  If plaintiff elects to refile, it must be in a court with jurisdiction over the parties.

SIGNED on February 15, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge