**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DR. RICHARD THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-3573 |
| | § | |
| FEDERAL DEPOSIT INSURANCE | § | |
| CORPORATION and BANK OF | § | |
| NEW ENGLAND, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Dr. Richard Thomas sued the Federal Deposit Insurance Corporation (FDIC), alleging that he was entitled to payment of a certificate of deposit that was outstanding when the issuing bank failed in 1991. This court dismissed the case on February 15, 2006 for lack of jurisdiction and for failure to prosecute. (Docket Entry No. 10). Thomas has moved to reinstate the case, (Docket Entry No. 12), and the FDIC has responded, (Docket Entry No. 13). Based on the motion, response, and the applicable law, this court denies Thomas's motion to reinstate.

A motion that asks a court to reconsider a prior ruling and challenges a prior judgment may be a motion to "alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). "If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Anglin v. Local Union 1351*, 102 Fed. Appx. 367, 369 (5th Cir. 2004);

*see also Edward H. Bolin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993). Thomas filed his motion for reinstatement on March 13, 2006; this court dismissed his case on February 15, 2006. Because Thomas's motion was filed more than ten days after the entry of judgment, it is not a timely Rule 59(e) motion.

Under Rule 60(b), a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Thomas argues that although this court dismissed the case, in part, for want of jurisdiction over the FDIC, he is not now suing the FDIC as a "proper party." (Docket Entry No. 12 at 2). In the same motion, however, Thomas also asserts that the FDIC is liable as an insurer for the certificate of deposit. Thomas named the FDIC and the Bank of America as defendants. This case cannot be reinstated in this court with the FDIC as a party because this court lacks jurisdiction over the FDIC either as a receiver for the bank that issued the certificate of deposit, *see* 12 U.S.C. § 1821(d)(6)(A)(ii), or in its corporate capacity as deposit insurer, *see* 12 U.S.C. § 1821(f)(4). As discussed in this court's February 15, 2006 memorandum and order, the only courts that would have jurisdiction over the FDIC

are the United States District Courts for the District of Columbia or for the District of Massachusetts.

Thomas did not serve the Bank of America while this case was pending nor explain his failure to do so. Thomas asserts that he did mail the Bank of America a copy of the complaint, but recognizes that this did not effect service and offers to perfect service through the Secretary of State. Thomas did not timely serve one party while the suit was pending, instead serving a second party as to whom jurisdiction was lacking. There are no Rule 60(e) grounds for relief from this court's judgment. Thomas's motion for reinstatement of the case is denied. If Thomas elects to refile, it must be in a court with jurisdiction over the parties and in which venue is proper.

SIGNED on June 19, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge